May Term,
1845.

Doe
v.
Harter.

Doe, on the Demise of Franklin and Others, *v.* Harter and Another.

The word heirs is not necessary in a will of real estate, as it is in a deed, to convey the fee ; but still, to give a fee, something more than the mere devise of the land is necessary.

In a devise of land to *A.*, the devisee was required, in consideration of the gift, to support his mother and the testator during their lives, and to pay the funeral expenses, "*out of the proceeds of the farm on said land.*" *Held*, that the charge did not enlarge the devise to a fee by implication.

The charge cannot produce that effect unless the devisee may, by paying it, possibly sustain a loss unless he takes a fee.

The introductory clause in a will was, "As to such *worldly estate* as it has pleased God to intrust me with, I dispose of *the same* in the following manner," &c. The will also contained this clause : "And to effectuate this my intention, I bequeath, &c.; and I also will and bequeath that *P. F.*, my son, shall have the eighty acres of land whereon I now live," &c. *Held*, that *P. F.* took an estate in fee.

*Friday,*
*July 25.*

ERROR to the *Tippecanoe* Circuit Court.

Blackford, J.—This was an action of ejectment for a certain tract of land in *Tippecanoe* county. Plea, not guilty. The cause was submitted to the Court, and judgment rendered for the defendants.

The following are the facts: *Joseph Franklin* was the owner in fee of the land in question, at the time of making his will hereafter mentioned, and at his death in 1833. His only heirs at law are the lessors of the plaintiff, together with one *Preston Franklin.* The said *Preston*, his son *Jesse*, and the widow of the aforesaid *Joseph Franklin*, are all dead; *Jesse* having died first, the widow next after him, and *Preston* after the widow. *Preston* took care of his father and mother, as required by said will, and, in 1835, sold and conveyed the said land to one of the defendants.

The will of *Joseph Franklin* reads as follows: "I *Joseph Franklin* of *Tippecanoe* county, in the state of *Indiana*, do make and publish this my last will and testament, hereby revoking and making void all former wills by me at any time heretofore made. As to such worldly estate as it has pleased God to intrust me with, I dispose of the same in the following manner, to wit: I direct, first; that all my just debts and funeral expenses be paid as soon after my decease as possible,

out of the first moneys that shall come to the hands of my executors from any portion of my personal estate. Inasmuch as my oldest children have all married and left me, and I gave them what I had to spare them at the time they left me; and to effectuate this my intention, I bequeath to my wife *Elizabeth Franklin* a comfortable support during life, or so long as she remains my widow, off the plantation, with the household goods and farming utensils to remain on the place; and all the stock of horses, cattle, hogs, and sheep, except such as shall hereafter be mentioned; and I also will and bequeath that *Preston Franklin*, my son, shall have the eighty acres of land whereon I now live, at the death of his mother; for which he is to take care of us as long as we both shall live, and pay the funeral expenses, out of the proceeds of the farm on said land; and if it should so happen that *Preston* should die before his mother, that the land shall go to his son *Jesse Franklin*. I also will my son, *Jacob Franklin*, one two year old heifer; and to my son *James Franklin*, and *Ollavit Sheagley* and *Nancy Lewis* my daughters, I will and bequeath one dollar to each of them; and hereby make my son *James Franklin*, and *Samuel Black*, executors of this my last will and testament. In witness whereof, *Joseph Franklin*, testator, has hereunto set his hand and seal, this 29th of *March*, 1833."

The only question presented by this case is, whether the will gives an estate in fee-simple, or only for life, to *Preston Franklin*, in the land devised to him?

The defendants, who claim under *Preston Franklin*, contend that the devise to him, though it does not contain the word heirs, is of a fee-simple estate. The law on the subject is, that the word heirs is not necessary in a will, as it is in a deed, to convey the fee; but still, to give a fee, something more than a mere devise of the land is necessary.

In this case, there is a clause requiring the devisee, in consideration of the gift, to support his mother and the testator during their lives, and to pay the funeral expenses, *out of the proceeds of the farm on the land devised.* But this is not such a charge as will enlarge the devise to a fee by implication. The charge cannot produce that effect unless the devisee may, by paying it, possibly sustain a loss unless he

May Term, 1845.

Doe
v.
Harter.

takes a fee.   Collier's case, 6 Coke, 16.   Here, as the charge was to be paid *out of the proceeds of the farm*, there could be no loss to the devisee.   2 Prest. on Estates, 237 (1.)

This will has an introductory clause as follows: "As to such *worldly estate* as it has pleased God to intrust me with, I dispose of *the same* in the following manner," &c.   There is also this clause: "And to effectuate this my intention, I bequeath," &c.   The introductory clause clearly shows, by the use of the word "estate," the testator's intention to devise the fee.   It is well settled that by the word "estate" in a will, when descriptive of the testator's interest in the land, and he has a fee in it, a fee passes.   *Doe d. Lean* v. *Lean*, 1 Adol. & Ellis, 229.   But it is admitted that the introductory clause would not, of itself, be sufficient to convey the fee; there must be something to show that the intention was carried out.   The intention is carried out in the present will by what follows, to wit, "And to effectuate this my intention, I bequeath, &c.; and I also will and bequeath that *Preston Franklin*, my son, shall have the eighty acres of land whereon I now live," &c.   We think the introductory clause and the words of the devise are here connected together, and that the devise which, taken by itself, is only for life, is, when considered with the introductory clause with which it is united, a devise in fee.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Pettit* and *S. A. Huff*, for the plaintiff.

*G. S. Orth*, for the defendants.

(1) The law here now is, that every devise of lands shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall manifestly appear by the will that the devisor intended to convey a less estate.   R. S. 1843, p. 485.