Doe on the Demise of RUSH *v.* KINNEY and Another.

A testator disposed of his estate by will, as follows: "I, *J. R.*, do make and publish this my last will and testament in manner and form following, that is to say, after all my just debts are paid, I give and bequeath to my wife, *Ann*, a certain grey mare, &c., as also all my real and personal estate during her natural life, provided she should not marry, and, at her death, to be equally divided between my brothers and sisters. But, in case she should marry, then the one-half of my estate to be divided equally between my brothers and sisters, or their heirs; and the other half I bequeath to my said wife," &c. *Held*, that upon her subsequent marriage, she took an estate in fee in the testator's real property.

Where a will is free from ambiguity, and the testator's intention is so manifested that, by giving the language employed by him its ordinary and legal signification, no doubt remains of the quantity or duration of the estate devised, a Court will not inquire into the motives which might have influenced the testator, in order to prove or infer that he meant to devise a different estate.

ERROR to the *Fountain* Circuit Court.

SMITH, J.—Ejectment against the defendants in error for a certain tract of land in *Fountain* county. Judgment for the defendants.

Both parties claimed under the will of *Josiah Rush*, who died in 1835, seized of the premises in controversy. The will is as follows:

" I, *Josiah Rush*," * * * " do make and publish this my last will and testament, in manner and form following, that is to say, after all my just debts are paid, I give and bequeath unto my beloved wife, *Ann Rush*, a certain grey mare that I have lately got of *Joshua Walker*, as also all my real and personal estate, during her natural life, provided she should not marry, and at her death to be equally divided between my brothers and sisters. But, in case she should marry, then, and in that case, the one-half of my estate to be divided equally between my brothers and sisters, (or their heirs,) and the other half I bequeath to my said beloved wife, *Ann Rush*, whom I hereby appoint my executrix, and *Jacob Kinney* my executor."

*Ann Rush*, the widow, intermarried with one *Alexander*, and, with her said husband, made a conveyance of one

undivided half of said premises. She and her said husband are both dead.

The defendants claim under the conveyance of *Alexander* and wife, and the lessor of the plaintiff is one of the brothers of the testator.

The plaintiff requested an instruction to be given that *Ann Rush*, the widow of the testator, took an estate for life only in one-half of the real estate devised, in the event of her marriage. This instruction was refused, and the Court instructed the jury that she took a fee-simple estate under the will.

The only question presented is, whether the instruction given was right. We think it was. The word " estate," in the last sentence of this will, is used to describe the property which the testator meant to devise, and, in such cases, it is well settled that the use of this word in a will, unaccompanied by any restriction or limitation, suffices to convey all the estate the testator had. *Doe* v. *Harter*, 7 Blackf. 488. (1.)

The plaintiff contends that it is inconsistent with the motives which influence the conduct of men, to suppose the testator meant to give his widow a more valuable estate if she married again than if she remained single, and, therefore, it should be inferred from the whole will, that it was his intention to give her a life estate only in one-half of his real property, in case of her marriage. But we cannot, in this case, resort, with any propriety, to such an argument as this, for the purpose of ascertaining the intentions of the testator. It is true, when there is any inconsistency in the different clauses of a will, if the intention of the testator can be inferred from the whole will taken together, that intention should govern; and when there are any latent ambiguities, by reason of which the intention is not manifested or expressed with certainty, the uncertainty may be removed by evidence of extrinsic facts, or, in some cases, perhaps, by a resort to arguments founded on the motives which usually influence human conduct. But when there is no such ambiguity, and, as in this case, the intention of the testator is mani-

fested, so that by giving the words used their ordinary and legal signification, no doubt remains as to the quantity or duration of the estate devised, it would be contrary to all the established rules and precedents to permit an inquiry as to the motives which might have influenced the testator, for the purpose of proving or inferring that he meant to devise a different estate. *Judy* v. *Williams*, *May* term, 1851. (2.)

It might, indeed, be a question whether the estate which the widow took, under this will, in the event of her marriage, was, in fact, more valuable than the provision made for her in case she remained single, but that is immaterial.

*Per Curiam.*—The judgment is affirmed with costs.

*W. H. Mallory*, for the plaintiff.

*D. Brier*, for the defendant.

(1) The word "estate," in the *operative* part of a will, passes not only the *corpus* of the property, but all the interest of the testator in it, unless controlled by the context; but where that word is not used in the operative clause of the devise, but is introduced into another part of the will referring to it, it cannot be construed to extend the meaning of the operative clause, whether prior or subsequent. *Doe* d. *Burton* v. *White*, 1 Exch. R. 526.

(2) 1 Carter's Ind. R. 449.