Nov. Term,
1855.        PATTISON *v.* DOE on the demise of THOMPSON.

PATTISON
v.
DOE.        *A.*, by his will, devised to each of his sons a tract of land, reserving a life
estate out of one tract to his wife. He also gave specific and pecuniary
legacies to his two daughters, with a residuary clause disposing of all his
property, goods and chattels that might remain. The fourth clause in the
will was as follows: "I also give and bequeath unto my son" *B.* "the
south-east quarter of," &c. *Held*, that the fee in the land last named passed
to *B.*

If, upon examining an entire will, the intention to pass a fee is apparent, a fee
will pass, although the word heirs is not used.

*Monday,*        APPEAL from the *Rush* Circuit Court.
*December* 17.
GOOKINS, J.—Ejectment. Trial by the Court on the
plea of not guilty. Finding for the plaintiff. Motion for
a new trial overruled and judgment. The defendant ap-
peals. The case was tried on the following agreed state
of facts:

*Edward Pattison* died in 1827, seized in fee of the land
in controversy, leaving nine children. Before his death,
he made and published his last will and testament, by
which he devised to each of his seven sons a tract of
land, reserving a life estate out of one tract to his wife.
He gave specific and pecuniary legacies to his two daugh-
ters, of whom the plaintiff's lessor was one, with a resi-
duary clause disposing of all his property, goods and chat-
tels that might remain. The fourth devise in the will
was as follows:

"I also give and bequeath unto my son, *James Pattison*,
the south-east quarter," &c., describing the tract in contro-
versy.

*James Pattison* died in 1849, having devised the tract of
land to *Martha Pattison*, the defendant. Both wills were
duly proved and recorded.

On this evidence, the Circuit Court gave judgment for
the plaintiff for one-ninth part of the land, upon the
ground that *James Pattison* took a life estate only under
the devise to him.

This was erroneous. The will disposed of the entire
estate of the testator; and it would be subversive of the
first and most obvious rule of construction, that is, the

intention of the testator, to hold that a life estate only passed by the devise. *Lutz* v. *Lutz*, 2 Blackf. 72, note 1. If, upon examining the entire will, the intention to pass a fee is apparent, a fee will pass, although the word heirs is not used. *Doe* v. *Harter*, 7 Blackf. 488. That such was the intention of the testator appears from the fact already adverted to, that he disposed of all his property; and from the fact that the devises are all alike, the word heirs not occurring in the entire will; and especially from the residuary clause, which was that his remaining property, goods and chattels should be divided and given to those who should get the worst lots of land. This language is quite as strong as that used in *Doe* v. *Harter*, *supra*.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to grant a new trial, with costs to abide the event of the suit.

*S. Major*, *R. D. Logan* and *N. B. Taylor*, for the appellant.

*B. W. Wilson*, *A. W. Hubbard* and *L. Sexton*, for the appellee.