## SMITH ET UX. *v.* MEISER.

|     |     |
| --- | --- |
| 51  | 419 |
| 135 | 370 |
| 51  | 419 |
| 143 | 273 |
| 143 | 374 |
| 51  | 419 |
| 146 | 480 |

WILL.—*Construction.*—*Estate Devised.*—*Statute.*—Section 5, page 485, Rev. Stat. 1843, which provided, that "every devise of lands shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall manifestly appear by the will that the devisor intended to convey a less estate," is not now in force, having been repealed by act of June 18th, 1852, 1 G. & H. 534.

SAME.—A testator, in 1864, devised to his wife, in lieu of her interest in his lands, a certain tract of land, generally, without any words of limitation. He then devised to her another tract of land during her natural life. He then devised to his daughter and her heirs, at the death of his wife, "the real estate aforesaid."

*Held*, that in said first mentioned tract the widow took only a life estate.

From the Allen Circuit Court.

*W. H. Coombs, W. H. H. Miller* and *R. C. Bell*, for appellants.

*L. M. Ninde*, for appellee.

WORDEN, J.—Frederick M. Fellows made the following will, viz. :

"In the name of the Benevolent Father of all: I, Fred-

erick M. Fellows, of Allen county, and State of Indiana, do make and publish this my last will and testament.

"I give and devise to my beloved wife, in lieu of her interest in my lands, all of my land lying north of the Illinois road, situate in Allen county, and State of Indiana, containing eighty acres more or less.    I also give and devise to my beloved wife forty acres of land on the south side of the Illinois road, off the east side, commencing at section line, thence running west forty rods, thence south one hundred and sixty rods, situate in Allen county, and State of Indiana, during her natural life, and all the stock, household goods, furniture, provisions, and other goods and chattels which may be thereon at the time of my decease, to do as she pleases with during her natural life as aforesaid.    She, however, selling so much thereof as may be sufficient to pay my just debts.

"At the death of my said wife, the real estate aforesaid I give and devise to my daughter, Mary Lydia Fellows, and her heirs.

"I devise and bequeath to my daughter, Mary Lydia Fellows, and her heirs, the balance of my land lying on the south side of the Illinois road, bounded on the west, the center of the Craco road, thence east to the forty bequeathed to my beloved wife, containing sixty-two acres more or less. If, however, my daughter should die before the decease of my said wife, leaving no children living at her decease, then the share of said property above devised to such deceased daughter is hereby devised and bequeathed to my beloved wife.

"I do hereby nominate and appoint my beloved wife guardian of my daughter, Mary Lydia Fellows, until the said Mary Lydia Fellows arrives at the age of twenty-one years or intermarries.

"I now further make known that my beloved wife is to have possession of all the land, to work, lease, rent or as she may see proper, so long as she remains my widow.

"Now, if my wife should intermarry before the death of

my daughter, Mary Lydia Fellows, then all the above real estate I devise and bequeath to my daughter, Mary Lydia Fellows.

"In testimony whereof I have hereunto set my hand and seal, this 23d day of March, 1864.

"F. M. FELLOWS. [Seal.]"

The question arising in the case is, whether the widow of the testator, Caroline, since intermarried with Elisha Smith, took, by the terms of the will, the fee, or a life estate only, in the parcel of land first described in the will as "lying north of the Illinois road, situate in Allen county, and State of Indiana, containing eighty acres, more or less."

It was held in the court below that she took a life estate only, and we are of the same opinion. Looking alone to the clause by which the tract of eighty acres, more or less, is devised to the widow, or taking in connection with it the clause which follows, by which the forty-acre tract is also devised to her, it might perhaps be thought doubtful whether the fee was not devised to her in the first piece. The first piece is devised to the widow in lieu of her interest in the testator's land. The forty-acre tract is expressly limited to her "during her natural life."

These are circumstances entitled to some weight as indicating an intent on the part of the testator to vest the fee in the first piece in the widow. But there is nothing in the language employed in the clause devising the eighty-acre tract, denoting an intention on the part of the testator to vest the widow with all his interest in that tract. Says Chancellor Kent, "It does not require the word *heirs* to convey a fee; but other words denoting an intention to pass the whole interest of the testator, as, a devise of *all my estate, all my interest, all my property, my whole remainder, all I am worth* or *own, all my right, all my title,* or *all I shall die possessed of,* and many other expressions of the like import will carry an estate of inheritance, if there be nothing in the other parts of the will to limit or control

the operation of the words. * * * If the testator devises land to another generally, as a devise of lot No. 1 to B., without using words of limitation, or any expression which denotes anything more than a description of the land devised, and if there be nothing in the will by which a fee by implication may be inferred, the devisee takes only an estate for life. There is almost an endless series of English authorities to this point, and the rule has been recognized in this country as of settled and binding obligation." 4 Kent Com., 12th ed., 535, *et seq.* See, also, 2 G. & H. 552, sec. 2.

In the revised code of 1843, we had a statute which provided, that "every devise of lands shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall manifestly appear by the will that the devisor intended to convey a less estate." Rev. Stat. 1843, p. 485, sec. 5.

We understand counsel for the appellants to claim that this statute is still in force. We are of opinion, however, that it was repealed by the act of June 18th, 1852, and before the execution of the will in question. The latter act, 1 G. & H. 534, repeals all laws not enacted at that session of the General Assembly, except certain enumerated acts; and the act of 1843 on the subject of wills, containing the section above set out, is not within the exceptions. See *Cleveland* v. *Spilman,* 25 Ind. 95. Nor is it continued in force under sec. 172, 2 G. & H. 428, because it is not a matter "relative to pleading and practice."

Whatever doubt there might be upon the question, looking alone to the two clauses by which the two tracts were devised to the widow, it is entirely removed by a clause which follows. The will, after devising the two tracts, and making a provision as to personal property, proceeds as follows: "At the death of my said wife, the real estate aforesaid I give and devise to my daughter, Mary Lydia Fellows and her heirs."

We can by no means say that the testator meant by the terms "the real estate aforesaid" a part only of the real

estate aforesaid, viz., the forty-acre tract. The intent to give the whole of it to his daughter, after the death of his wife, was clearly manifested by the terms of the will.

The judgment below is affirmed, with costs.