## HELM ET AL. *v.* FRISBIE ET AL.

WILL.—*Estate for Life.—Estate Tail.—Contingent Remainder.—Shelley's Case.* —A will was executed November 21st, 1823, by a testator who died June 22d, 1829, devising to his wife his real estate "during her life, remainder to the issue of her body by me begotten, provided, also, that such issue live to lawful age, and, on failure thereof, the remainder to my own relatives by consanguinity at the time of her decease, who may lawfully inherit the same by the rules of the common law." His issue by her having died during minority, and she also being dead, an action was brought by his "relatives by consanguinity," etc., for possession of such real estate, against defendants claiming under her.

*Held*, that the will did not create an estate tail, but vested an estate for life in the wife, with a contingent remainder to the plaintiffs in the event of the death of such issue during minority.

*Held*, also, that the will did not fall within the rule in Shelley's case, nor within section 5, Acts 1826, p. 50.

From the Fayette Circuit Court.

*W. Morrow*, *N. Trusler* and *W. M. McCarty*, for appellants.

*B. F. Claypool* and *J. C. McIntosh*, for appellees.

BIDDLE, C. J.—Complaint by the appellees, against the

appellants, to recover the possession of certain real estate.

Answer; trial by the court; finding and judgment for the appellees.

The proceeding may be simplified by stating that the appellees claim title to the lands in dispute as the heirs at law of Orrin Frisbie, deceased; and the appellants claim title to the same lands from Ursula Frisbie, the wife and devisee of Orrin Frisbie. It is conceded by both parties, that the decisive question of the case turns upon the construction of the will of Orrin Frisbie. If, by that will, Ursula Frisbie took a fee in the lands, then the appellants should retain possession, but if she took by the will no more than a life-estate, then the appellees should recover the lands.

The will of Orrin Frisbie was executed November 21st, 1823; he died June 22d, 1829. After making provision for the payment of his debts, and disposing of certain other property, the residue of his estate was devised as follows: "I give, bequeath and devise to my beloved wife, Ursula Frisbie, the personal estate forever, and the real estate for and during her life, remainder to the issue of her body by me begotten, provided, also, that such issue live to lawful age, and, on failure thereof, the remainder to my own relatives by consanguinity, at the time of her decease, who may lawfully inherit the same by the rules of the common law."

The will was properly proved and admitted of record.

Orrin Frisbie left but one child surviving him, Orrin H. Frisbie, who died January 26th, 1833, in his fifth year. Ursula Frisbie afterward intermarried with John B. Tate, and died September 23d, 1874, leaving surviving her a son, Charles C. Tate, aged thirty-nine years.

By section 5, Acts of 1826, p. 50, it is enacted, "That all estates tail are hereby abolished, and any person or persons who may hereafter be seized of any estate tail, by devise or grant, shall be deemed to be seized of the same in fee simple absolute."

This act was in force at the time Orrin Frisbie died; and the appellants claim, that, under this act, as well as by the rule in Shelley's case, Ursula Frisbie, at the death of Orrin Frisbie, took a fee simple in the lands devised. We have arrived at a different conclusion. Admitting that the words, " the issue of her body by me begotten," as used in the will, are equivalent to the words, " heirs of my body," yet the terms of the will do not create an estate tail. At the termination of the life-estate in Ursula, an estate in fee necessarily went either to the " issue of her body" begotten by the testator, or to his " relatives by consanguinity ; " so that, in either event, it could not become an estate tail; and the contingency upon which the fee was to vest in the " issue of her body," namely, " that such issue live to lawful age," takes it out of the rule in Shelley's case, by which the estate must be conveyed to heirs, and vest without condition or contingency.

The estate devised by the will was an estate for life in Ursula Frisbie, with a contingent remainder to " the issue of her body " by the testator begotten, and a contingent remainder over to his " relatives by consanguinity," who might lawfully inherit by the rules of the common law. The persons in whom the remainder must vest were not uncertain ; the uncertain event upon which the remainder was to vest in " the issue of her body " was, " that such issue live to lawful age." The uncertain event upon which the remainder would vest in the testator's " relatives by consanguinity " was, that the issue of Ursula's body did not " live to lawful age." Accordingly, upon the death of Orrin H. Frisbie, the last of the issue of Ursula's body by the testator begotten, none of which " lived to lawful age," the remainder vested in the testator's " relatives by consanguinity," who inherited by the rules of the common law. Such an estate may be created by a will, when it is the evident intention of the devisor to so create it—and we think it

was in this case—as an executory devise, when, by the same words as those used in the will, if used in a conveyance by deed or grant, the contingent remainder would fail. *Gates* v. *Halliwels*, Leon. 161; 1 Fearne Remainders, 303; Co. Lit. 720; 2 Bl. Com. 164–175; *Taylor* v. *Biddall*, 2 Mod. 289; *Shaw* v. *Way*, 8 Mod. 253; *Parsons* v. *Peacock*, 8 Mod. 346; *Marks* v. *Marks*, 10 Mod. 419; *Grumble* v. *Jones*, 11 Mod. 207; *Lamb* v. *Archer*, 12 Mod. 44; *Bamfield* v. *Popham*, 1 P. Wms. 54; *Carter* v. *Barnadiston*, 1 P. Wms. 505; *Atkinson* v. *Hutchinson*, 3 P. Wms. 258; *Right* v. *Hamond*, 1 Stra. 427; *Taylor* v. *Bydall*, Freeman, 243; *Doe* v. *Harter*, 7 Blackf. 488; *Doe* v. *Jackman*, 5 Ind. 283; *Pattison* v. *Doe*, 7 Ind. 282; *Hull* v. *Beals*, 23 Ind. 25; *Rusing* v. *Rusing*, 25 Ind. 63; *Siceloff* v. *Redman's Adm'r*, 26 Ind. 251; *Jackson* v. *Hoover*, 26 Ind. 511; *Prior* v. *Quackenbush*, 29 Ind. 475; *Stephens* v. *Evans' Adm'x*, 30 Ind. 39; *McCray* v. *Lipp*, 35 Ind. 116; *Lindsey* v. *Lindsey*, 45 Ind. 552; *King* v. *Rea*, 56 Ind. 1.

We think there is no error in the record.

The judgment is affirmed, at the costs of the appellants.