No. 9403.

## McMAHAN ET AL. *v.* NEWCOMER ET AL.

PARTITION.—*Pleading.—Fee Simple.*—An allegation that petitioners for partition are the owners in fee of the land means that they are the owners in fee simple.

SAME.—*Title.*—In a proceeding for partition, the question of title may be put in issue and determined.

PLEADING.—*Specific Description of Title Controls.*—Where a party specifically describes his title, the specific will control the general averments.

SAME.—*Construction of Will.—Exhibit.*—Where a party seeks a construction of a will, he must make it a part of his pleading, by filing it as an exhibit, or otherwise.

WILL.—*Devise to Wife.—Life-Estate.—Estate Undisposed of.—Construction.*—After a devise to the wife of one-third of all the testator's real estate, a definite estate has been " disposed of," and a further devise to her of " all the real estate," " to hold, use and occupy during her lifetime," followed by a devise of " land which remains undisposed of " at the testator's death to his children, gives her a life-estate in the remaining two-thirds.

SAME.—*Heir.—Intention.*—It is not necessary, in order to create a fee by devise, that the testator should use the word "heir." A fee will pass, if, taking all the provisions of the will together, it is clear that the testator intended to vest such an estate in the devisee.

SAME.—*Shelley's Case.*—The rule in Shelley's case will not be allowed to defeat the plain intention of the testator.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *W. S. Christian,* for appellants.

*F. M. Trissal,* for appellees.

ELLIOTT, J.—The petition of the appellees alleges that they are the owners in fee of an undivided interest in lands, and prays a decree of partition.

The petition avers that the appellees are the owners in fee of the land sought to be partitioned, but does not specifically set forth the title. This is sufficient. " In pleading a fee simple, it is only necessary to simply state it, because it includes the entire interest in the land." *McMannus* v. *Smith,* 53 Ind. 211.

The appellant James G. McMahan filed a cross complaint or counter-claim, in which he asserted title to the entire tract, and controverted the appellees' ownership. The title claimed by the counter-claim is specifically described, and is alleged to have been derived through a devise made by one Jonathan Fox, who died seized of the land. A copy of the will is made part of the pleading as an exhibit.

It is settled by many adjudications, that, in a proceeding for partition under our statute, the question of title may be put in issue and determined. It was proper, therefore, for the appellant to set up his title and ask a judgment quieting it.

The counter-claim contains a general allegation of title, and this the appellant contends makes it good irrespective of the specific statement of the character of the title asserted. This position can not be maintained. Where a party specifically describes his title and states the facts alleged to constitute it, the specific statements will control the general averments. *Reynolds* v. *Copeland,* 71 Ind. 422; *The State* v. *Wenzel,* 77 Ind. 428. The sufficiency of the counter-claim must, therefore, be determined upon the facts alleged as vesting title in McMahan.

It is here claimed by the appellant, that the copy of the will is not to be looked to in determining the sufficiency of the pleading, because it is not the foundation of his cause of

action. It is, perhaps, true that it is not the foundation of the pleading, but it is a written instrument presented to the court for the purpose of obtaining a judicial construction. Where the judgment of a court is sought as to the construction of a will, it is necessary to make it a part of the pleading; and this may be done by filing it as an exhibit. *Copeland* v. *Copeland*, 10 Ind. 341; *Schori* v. *Stephens*, 62 Ind. 441.

The provisions of the will, upon which McMahan bases his title, read as follows: " I also further give and devise to my said wife one-third of all the real estate I own at the time of my death. I also give and devise to my said wife, to hold, use and occupy during her lifetime, all the real estate I may own at the time of my death. It is my will that my land which remains undisposed of at my death be divided equally between all my children."

The contention of the appellees is, that the widow of the testator takes a fee in one-third of the land under the clause first quoted, and a life-estate in the remaining two-thirds under the last two clauses. The theory of the appellants is, that she takes only a life-estate in the land with remainder in fee to the testator's children.

We are satisfied that the construction contended for by the appellees, and adopted by the trial court, is the correct one. The first of the clauses quoted vests in the widow a definite estate in one-third of the land, and the second confers upon her a life-estate in all the land owned by the testator. It is true the second clause does not in express terms devise a life-estate, but that is the legal effect of its provisions. The last of the clauses quoted does not destroy the effect of the other two. The author of the will meant, it is plain, to vest in his children two-thirds of the property subject to the right of the widow to possess and use it during life. It is evident that he regarded the devise of one-third of it to his wife as a disposition of that much, and that he meant that the portion devised to her should be treated as disposed of before his death.

It is not necessary, in order to create a fee by devise, that the testator should use the word "heir." A fee will pass if, taking all the provisions of the will together, it is clear that the testator intended to vest such an estate in the devisee. 4 Kent Com. 535; *Smith* v. *Meiser*, 51 Ind. 419. It is settled law that the rule in Shelley's case will not be allowed to defeat the plain intention of a testator. *Doe* v. *Jackman*, 5 Ind. 283; *Siceloff* v. *Redman's Adm'r*, 26 Ind. 251; *Helm* v. *Frisbie*, 59 Ind. 526; R. S. 1881, section 2567.

Judgment affirmed.