Roy *et al. v.* Rowe.

No. 9997.

## ROY ET AL. *v.* ROWE.

JURISDICTION.—*Service of Process.—Judgment.—Practice.—Guardian ad Litem.*
—Where infant defendants are not served with process and do not appear, the court has no authority to appoint a guardian *ad litem* for them, and no jurisdiction as to them, and, on 'appeal, when the judgment against them affects also the other appellants, it will be reversed as to all.

WILL.—*Construction.— Widow.*—A will directed the sale of the testator's real and personal estate, and gave to the testator's widow "all that remains of the estate after paying the debts, * * for her support and that of the minor children," and made her guardian of the children during her life. There was no other provision made for children, and no residuary clause. The wife was a helpless invalid, and the estate was, after paying debts, a tract of land worth $450 when the testator died.

*Held,* that under the will, interpreted in the light of the circumstances, the widow took the land in fee simple.

From the LaGrange Circuit Court.

*A. A. Chapin, R. P. Barr* and *O. L. Ballou,* for appellants.

BLACK, C.—The appellee, Maria E. Rowe, sued the appellants George Roy, Cyrus Finlay, Elora M. Finlay, Anna B. Fought, Sarah A. Fought, Wilber E. Wise and Hinda M. Wise, for the partition of certain land situated in LaGrange county. The defendants George Roy, Cyrus Finlay and Elora M. Finlay having jointly and severally demurred to the amended complaint, for want of sufficient facts, and the demurrer having been overruled, these defendants answered jointly by a general denial, and Cyrus Finlay answered separately in a number of paragraphs, to one of which a demurrer of the plaintiff was sustained. To the others the plaintiff replied in denial.

The defendants Wise and Wise filed an answer and a cross complaint asking partition; and the plaintiff filed a " reply to the answer and cross complaint " of Wise and Wise. The infancy of the defendants Fought and Fought having been suggested, the court appointed a guardian *ad litem* for them, and he, as such guardian, answered the original complaint.

His answer does not appear to have been refiled, and he does not appear to have pleaded further after the complaint was amended, though the plaintiff, long after the filing of the amended complaint, filed a reply to the answer of the guardian *ad litem.*

The cause was tried by the court, and there was a special finding. The defendants George Roy and Cyrus Finlay excepted to the conclusions of law. The court ordered that partition be made, giving to the plaintiff one-fourth of said land, to the defendant Cyrus Finlay one-half thereof, and to each of the defendants Wise and Wise and Fought and Fought one-sixteenth thereof. Commissioners were appointed, who reported, and partition was finally adjudged.

The defendants George Roy and Cyrus Finlay appealed, and served notice of the appeal upon their co-defendants, and have filed proof of such notice with the clerk of this court. Said co-defendants have not appeared, and declined to join, and they are, therefore, regarded as having joined in the appeal. Section 635, R. S. 1881.

Elora M. Finlay is not shown by the complaint to have an interest in the land, or to have asserted a claim to an interest therein, and no reason whatever for making her a party appears in the record. But there was no finding or judgment either against her or in her favor.

The record does not show any service of process upon the infant defendants, or that they personally appeared. The court had not jurisdiction of their persons, and was not authorized, therefore, to appoint a guardian *ad litem* for them, and a guardian *ad litem* appointed for them could not represent them. The want of service of process upon the infant defendants is assigned as error; and these defendants being affected by the judgment in common with the other parties, and as to a subject-matter in which the interest of every party is affected and determined by the interest of the other parties, we can not sustain the judgment in part, but will be required, for this want of jurisdiction, to reverse it as to all the parties. *Abdil*

v. *Abdil,* 26 Ind. 287; *De La Hunt* v. *Holderbaugh,* 58 Ind. 285; *Carver* v. *Carver,* 64 Ind. 194.

We think there was also error in the action of the court, involving the merits of the controversy between the parties— that it erred in overruling the demurrer to the complaint, and that the conclusions of law upon the facts found were erroneous.

We will state such of the facts as are necessary to the decision of the question involved.

John B. Davis died testate, in 1856, in LaGrange county, seized in fee simple of certain lands in said county, of which the land in dispute is a part, leaving surviving his widow, Sarah E. Davis, and nine children, six sons and three daughters, issue of his marriage with her. The plaintiff was one of said daughters. Triphena Wise, another of said daughters, died before the commencement of this suit, leaving surviving the defendants Wise and Wise, her children and only heirs. Sarah Fought, another of said daughters, also died before the commencement of this suit, leaving surviving the defendants Fought and Fought, her children, who are minors, and her husband, not made a party, who, after the commencement of the action, it is said in the special finding, quitclaimed to said defendants Fought and Fought all his interest in said land.

The will of said John B. Davis, deceased, was duly probated in 1856, and contained the following provisions:

"1st. First, it is my wish and desire that my personal property, not taken by the widow, shall be sold toward paying my debts.

"2d. It is my will and desire that my real estate be sold, at private or public sale, as may be thought most advisable for the interest of the estate.

"3d. I give and bequeath unto my beloved wife, Sarah Davis, all that remains of the estate after paying the debts, and the estate is settled, for the purpose of her support and that of the minor children; and I hereby commit the guardianship of all of my children, until they shall respectively attain the

age of twenty-one years, unto my said wife, during her life; and I do hereby appoint my trusty friend, N. O. Osborn, sole executor of this my last will and testament. In witness whereof," etc.

After the death of the testator all the land of which he died seized, except that described in the complaint, with all his personal property, except goods of the value of $118.19 taken by the widow, was sold, it is not stated by whom, to pay the testator's debts.

On the 15th of January, 1867, the widow and three of the sons, by their warranty deed, conveyed the land in dispute, for twelve hundred dollars, which was then its value, to one Rosalie Finlay. Before the execution of said deed two of the sons had died without issue. After the execution of said deed the surviving son, who had not joined in it, conveyed his interest in the land to the plaintiff, and afterward, in 1867, died without issue.

The widow took under the will, and from the death of the testator until she executed said deed to said Rosalie Finlay claimed to be the absolute owner in fee simple of all said land, by virtue of said will.

In 1878, said Rosalie Finlay and her husband sold, and by their warranty deed conveyed, the land to the defendant George Roy, for $1,400, then its value; and said George Roy, in 1880, sold, and by his warranty deed conveyed, the land to the defendant Cyrus Finlay, who paid in consideration therefor $2,000. Said Rosalie Finlay and her said grantee, Roy, and his grantee, Cyrus Finlay, severally went into possession of the land in dispute, under and by virtue of their several deeds, at the times of the execution thereof severally, and each claimed to be the absolute owner in fee simple by virtue of his or her said deed, and the defendant Cyrus Finlay still remains in possession, claiming the land as his own in fee simple by virtue of his said deed; and each of said grantees while so in possession made lasting and valuable improvements. The land was worth $450 at the

time of the testator's death, and at that time his widow was disabled and crippled by paralysis, and was unable to labor and make her own living. She died in 1873.

The action of the court below was based upon the theory that the widow took under the will only a life-estate in the land, and that the testator's surviving children took the land by descent from their father, subject to said life-estate of the widow. If, under the will, the widow became the owner of the land in fee simple, the appellant Cyrus Finlay is the owner thereof in severalty, and there can be no partition thereof.

The intention of the testator must be followed, so far as it is not in contravention of law and can be ascertained. The construction of any provision of the will may be aided by other portions of the will, and by the whole will and the general purpose indicated therein; and the meaning of the terms of the will may be explained by such extrinsic evidence as will enable the court to see from the testator's standpoint.

The old rule that a general devise of real estate, merely describing the property, without defining the interest to be taken by the devisee, gives only an estate for life, which was abolished in England by 1 Vic. Ch. 26, and which has been abolished in many of our States, is in force in this State, though it was abolished here from 1843 to 1853. See R. S. 1843, p. 485, section 5; *Cleveland* v. *Spilman,* 25 Ind. 95; *Smith* v. *Meiser,* 51 Ind. 419.

This rule often operates in contradiction of the rule that the testator's intention shall prevail, especially in the case of wills made by persons unskilled in the law; for the common mind will usually suppose that a general devise, without limitation, carries the whole estate of the testator.

Therefore, if the will contain any expression, in addition to the general devise, indicating an intention to pass a fee simple, the court will use this to bear out the intention; though it must in some way affirmatively appear, courts are easily satisfied that an estate of inheritance was intended. *Cleveland*

Roy *et al. v.* Rowe.

v. *Spilman, supra.* They are always ready to adopt any plausible excuse for rescuing particular cases from the wrong direction which the general rule would give them.    2 Redf. Wills, 327.

It is insisted on behalf of the appellants that the second clause of the will was an absolute and unconditional direction for the sale of the realty, and that the last clause disposed of the proceeds thereof; that it was the intention of the testator that the land should be converted into money and that the money should go to the widow; and it is insisted that the sale, if not made by the executor, might be made by the widow; and that if the land were not sold as directed the widow had a vested interest in it in specie, in lieu of the proceeds.

Whether the testator intended that all his real estate should be sold, or only such portion as it might be deemed best to sell, and as it might be necessary to sell for the payment of his debts, he plainly directed that all that might remain of his estate, after paying the debts and after the settlement of his estate, should go to his widow, and this would include land as well as personalty. The word "estate" covered both the subject-matter and the testator's whole interest therein.

It is evident that the will was drawn by an unskilful person, and it must not be treated as drawn with a view to technical rules of law which contravene common understanding.

The term of endearment used by the testator in providing for his wife, the smallness of his estate after the payment of his debts, the diseased and enfeebled condition of his wife, the fact that he left to her care minor children, the fact that he made no provision for any of his children except the maintenance and guardianship of the minors by their mother, in whom he vested his property, in part for the purpose of the support of the minor children, all occur to the mind as reasons in support of a construction contrary to that adopted by the court below.    *McMahan* v. *Newcomer,* 82 Ind. 565.

A construction which will result in partial intestacy is to be avoided, unless the language of the will compels it.    *Cate*

v. *Cranor*, 30 Ind. 292. Not only did the making of the will indicate an intention to dispose of all the testator's property, but he also expressly made disposition of all his goods and lands; and the fact that he made no provision for any portion thereof to go beyond his widow, indicates strongly his intention that his whole interest therein should abide with her.

We have no brief from the appellee, but we are told by counsel for the appellants that the court carried back the words "during her life," in the third clause, so as to make them qualify the interest given to the widow. No reasonable construction can apply those words except to the period of guardianship, though it is true that they are superfluous for such purpose; nor is it necessary to suppose, or in this case proper to suppose, that the word "guardianship" had reference to any estate of said minors derived under said will.

We conclude that the widow was competent to transfer title in fee simple to all the land in dispute, and that, therefore, under the facts stated in the complaint, the appellant Cyrus Finlay would be the owner of the land in severalty.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint.