Filed Nov. 23, 1886.

---

No. 12,514.

GREER v. WILSON ET AL.

REAL ESTATE.— Will.—Determinable Fee.— Husband and Wife.— Execution and Sale.—Where, by the will of her father, a daughter is given land in fee simple, subject only to the contingency that she shall die without issue, or that her surviving issue shall die before arriving at full age, the estate taken is a determinable fee, and upon her death her husband succeeds to an undivided one-third in fee, subject only to the same contingency, and such third is subject to sale on judgments rendered against him.

From the Fayette Circuit Court.

L. W. Florea, G. C. Florea, B. F. Claypool and J. H. Claypool, for appellant.

R. Conner, J. I. Little and H. L. Frost, for appellees.

NIBLACK, J.—This was a suit for partition by John S. Wilson and Frank J. Rhodes against Frank Greer, the complaint averring that the plaintiffs were the joint owners, in different proportions, of one undivided third part of certain real estate in Fayette county, and as tenants in common with the defendant, who was the owner of the remaining two-thirds of such real estate.

At the request of the defendant, the circuit court made a special finding of the facts which gave rise to the controversy between the parties.

The facts as thus found were:

First. That in October, 1863, Hiram Rees died testate,

seized in fee simple of the real estate described in the complaint.

*Second.* That the said Rees left a last will and testament as follows: " I, Hiram Rees, of the county of Fayette and State of Indiana, being conscious of the uncertainty of life, * * * * * * make and publish this, my last will and testament, in the manner following, that is to say: " *First*, directing the manner in which his funeral should be conducted, and, *Second*, providing for the payment of his debts and funeral expenses out of his personal estate, and then proceeding: "*Third.* I give and bequeath unto my beloved wife, Adah, all the balance of my personal estate absolutely, to be by her used and disposed of in such manner as her own good sense may deem just and right. *Fourth.* The occupancy and control, use, issues and profits of all the real estate of which I may die seized, and of every kind and description, and wherever situate, I also give and bequeath to my beloved wife, above named, during her natural life, desiring only that she shall preserve and take care of the same in a good and husbandlike manner, for the ultimate purpose hereinafter indicated. *Fifth.* I give and bequeath unto my beloved daughter and only child, Desire Greer, and to her heirs and assigns forever, the fee simple of all said real estate of which I may die seized, subject only to the life-estate of her mother as above provided. *Sixth.* It is however, my will, that in case my wife should marry again, thereupon her life-estate in the undivided one-half of my said real estate shall cease, and such half shall immediately vest in my said daughter, and her heirs, my said wife holding the other only during her lifetime, after which that also shall vest in my said daughter, and her heirs as aforesaid. *Seventh.* It is further, however, my will, that, in case my said daughter shall die without any heir of her body surviving, or in case of such heir, and it do not survive to full age, the undivided one-half of my said real estate shall go to my brother, Stephen Rees, and his heirs and assigns forever, and the other half shall be divided

amongst my other kindred in the ascending line agreeably to the law of inheritance in that case provided."

The, *Eighth* clause of the will only constituted and appointed Adah Rees, the wife of the testator, the executrix of his will, the substantial part of which is given as above.

*Third.* That said last will and testament was admitted to probate in the proper clerk's office of Fayette county, on the 13th day of November, 1863.

*Fourth.* That the said Hiram Rees left surviving him the said Adah Rees, as his widow, and his daughter, Desire Greer, as his only child or living descendant.

*Fifth.* That the said Desire Greer died intestate, on the 8th day of December, 1869, leaving surviving her William H. Greer, as her late husband, and the defendant, Frank Greer, as her only child and lineal descendant.

*Sixth.* That the said Adah Rees elected to take under the will of her said late husband, and accepted its provisions, in lieu of her interests under the statute, and settled the estate upon that basis.

*Seventh.* That the said Adah Rees died on the 28th day of December, 1884.

*Eighth.* That the defendant, Frank Greer, arrived at the age of twenty-one years on the 28th day of January, 1885.

*Ninth.* That one James R. Rhodes, on the 16th day of November, 1876, recovered a judgment in the Fayette Circuit Court against the above named William H. Greer, for the sum of $68.59, bearing six per cent. interest, and for the further sum of $543.41, with ten per cent. interest.

*Tenth.* That, on the 9th day of January, 1879, the said James R. Rhodes died intestate, leaving, as his widow, Martha J. Rhodes, and his adopted son, Frank J. Rhodes, as his only heirs at law surviving him.

*Eleventh.* That the said Martha J. Rhodes, in August, 1883, died intestate, leaving the said Frank J. Rhodes, one of the plaintiffs herein, as her only child and heir at law.

*Twelfth.* That the plaintiff John S. Wilson, on the 16th

day of November, 1876, also recovered a judgment in the Fayette Circuit Court against the said William H. Greer for the sum of $1,475.66, bearing ten per cent. interest.

*Thirteenth.* That, on the 1st day of August, 1881, executions were issued on the foregoing judgment to the sheriff of Fayette county, which he levied on the lands described in the complaint, and thereupon duly advertised said lands for sale on said executions, on the 3d day of September, 1881, at which time the plaintiff John S. Wilson and the said Martha J. Rhodes became the purchasers of such lands at sheriff's sale and received the sheriff's certificate of such purchase.

*Fourteenth.* That, on the 12th day of September, 1882, the said Wilson and the said Martha J. Rhodes received a sheriff's deed conveying to them the lands so purchased by them in the following proportions, that is to say, to the said Wilson $\frac{217015}{305738}$ parts thereof, and to the said Martha J. Rhodes the remaining $\frac{88723}{305738}$ parts of the same.

Upon the foregoing facts the circuit court came to the conclusion that the plaintiff Wilson was the owner in fee simple of the undivided $\frac{217015}{305738}$ parts of one undivided third part of the lands in controversy, and that the plaintiff Frank J. Rhodes was the owner in fee simple of the remaining undivided $\frac{88723}{305738}$ parts of said one undivided third part of said lands, and that the defendant, Frank Greer, was the owner in fee simple of the other two undivided third parts thereof; also that the plaintiffs were entitled to partition as demanded by their complaint.

Exceptions were reserved to the conclusions of law thus arrived at, and to the overruling of a motion for a new trial, after which judgment of partition was awarded, and proceedings in partition were accordingly consummated.

Several errors are assigned upon the proceedings in the circuit court, but each assignment of error involves the same controlling question, and that is, what estate did Desire Greer take under the last will of her father as herein above set out?

. In support of the objections to the proceedings below, it is sought to be maintained that Mrs. Greer took only a life-estate in the lands devised to her, with a remainder over to her son Frank, the appellant here, contingent upon his arriving at full age, and that, consequently, William H. Greer neither inherited, nor succeeded to, any estate in the land subject to execution upon the judgment against him, or any other interest in the same; that for that reason the appellees derived no title through the sheriff's sale.

In response to the claim thus made on behalf of the appellant, it is contended that Mrs. Greer took an estate in fee simple determinable on a future contingency, and that hence her husband, in virtue of his marital rights, became seized in fee of an undivided third part of the lands at her death, determinable only upon the same contingency.

Washburn on Real Property, vol. 1, pp. 61, 62, says: "As every estate which may be of perpetual continuance is deemed to be a fee, and may come within the definition of Lord Coke, of a fee simple absolute, conditional, qualified, or base fee, this seems to be a proper connection in which to treat of them." After giving some illustrations, the same author proceeds: "The term determinable fee seems to be more generic in its meaning, embracing all fees which are liable to be determined by some act or event expressed in their limitation to circumscribe their continuance, or inferred by law as bounding their extent."

This definition of a determinable fee is well sustained by the authorities, and appears to us to be entirely applicable to the estate taken by Mrs. Greer in question. This must be so unless the intervening life-estate of her mother made some other rule of construction necessary, and we know of nothing either in principle, or inculcated by authority, which would give such an effect to the life-estate. It follows that Mrs. Greer, at the death of her father, became the owner of the real estate left by him in fee simple, subject only to the contingency that she should die without issue, or that her surviv-

ing issue should die before arriving at full age; in other words, that she became seized of a determinable fee in such real estate.

It further follows that, on the death of Mrs. Greer, her husband succeeded to one undivided third part of the same real estate as the owner in fee, subject only to the same contingency, and that the estate to which he so succeeded was subject to sale on the judgments rendered against him. 2 R. S. 1876, p. 232, section 526.

On the subject of determinable or conditional fees, see the cases of *Smith* v. *Hunter*, 23 Ind. 580; *Rush* v. *Rush*, 40 Ind. 83; *Gonzales* v. *Barton*, 45 Ind. 295; *Huxford* v. *Milligan*, 50 Ind. 542; *Helm* v. *Frisbie*, 59 Ind. 526.

The judgment is affirmed, with costs.

Filed Nov. 23, 1886.