Rogers *et al.* *v.* Winklespleck *et al.*

Filed January 22, 1896.

---

No. 17,664.

## ROGERS ET AL. *v.* WINKLESPLECK ET AL.

WILL.—*Devise.—Fee Simple Absolute.*—A widow takes a fee simple absolute of her husband's lands under a will giving her the "residue of all my estate" after payment of debts, "subject to a division" among his children at her death, "in accordance with their obedience to her as she shall deem proper."

From the Owen Circuit Court.

*W. Hickam, C. E. Davis* and *W. V. Moffett,* for appellants.

*G. A. Knight* and *Matson & Luther,* for appellees.

HACKNEY, C. J.—By the first eight items of his last will, Oliver Rogers gave to each of his eight children,

five dollars, and the ninth item was in these words: "I give and bequeath to my beloved wife Martha Rogers, the residue of all my estate, both personal and real, after all just debts shall have been paid, subject to a division among the aforesaid heirs at her death, in accordance with their obedience to her as she shall deem proper."

Of the lands of which the testator died seized, the widow, upon the theory that she held a fee simple absolute, conveyed one tract, upon which a subsequent grantee executed to Winklespleck a mortgage, and she executed, upon other of said lands, a mortgage to said Winklespeck. The appellants sued the appellees to quiet the title to said lands upon the theory that the widow, under said will, took a life estate with the remainder in fee over to the testator's said eight children.

The trial court denied the correctness of this theory. The question for decision here arises upon the construction of said ninth item of the will, and if it be found that under it the widow took a fee simple absolute, the judgment of the trial court was correct, otherwise it is erroneous.

The words of the item devising "the residue of all my estate, both personal and real," standing alone, would, without doubt, carry a fee simple absolute. *Ross* v. *Ross*, 135 Ind. 367; *Roy* v. *Rowe*, 90 Ind. 54; *McMahan* v. *Newcomer*, 82 Ind. 565; *Smith* v. *Meiser*, 51 Ind. 419.

It devises the residuum. No estate is left in the testator, after these words, which can become the subject of reversion. If the children were given an estate in the lands that conclusion must be reached from words deemed to be clearly repugnant to those devising the fee, and of such strength as to cut down the fee to a

life estate, with the fee limited over to the children, or to create an estate in fee, to be held by the widow in trust for the children, and to be by her conferred upon them by an instrument, becoming effective at her death. In other words, having parted with his entire estate to his widow, nothing remained in him to revert in possession or estate, and to go to his children, through him, at the close of the particular estate, namely, that given to the widow.   Likewise, if he gave to the wife a fee absolute, it would have been utterly incongruous to have limited a fee to the children, for the estate given the first taker was all of the estate, and nothing remained for devise over.   Bouv. Inst., Vol. 2, p. 283 ; Blackstone, Vol. 2, p. 164 ; *Mitchell* v. *Morse*, 77 Me. 423 ; s. c. 52, Am. Rep. 781 ; *Outland* v. *Bowen*, 115 Ind. 150 ; 1 Jarman Wills 873.

In the last cited case, Mitchell, J., speaking for this court, said :   "It must follow, therefore, if there was no estate left in the grantor after the creation of the precedent estate, vested in the first taker, he could create no remainder, as a remainder can only be created out of the estate left in the grantor after the creation of the particular estate."   This proposition is axiomatic.

There is no room for claiming an executory devise since there is no attempted limitation to commence on a future contingency which defeats the primary estate. Appellants' learned counsel expressly deny the possibility of an executory devise under the language of this will.

Our inquiries, therefore, are narrowed to these.   Does the language following that creating a fee have the effect to cut down that estate to one for life, and to limit the fee over to the children ?   Or does it carry the fee in trust for the children?

As said in *Roy* v. *Rowe, supra,* "If the will contain any expression, in addition to the general devise, indicating an intention to pass a fee simple, the court will use this to bear out the intention; though it must in some way affirmatively appear, courts are easily satisfied that an estate of inheritance was intended. *Cleveland* v. *Spillman,* 25 Ind. 95. They are always ready to adopt any plausible excuse for rescuing particular cases from the wrong direction which the general rule would give them. 2 Redf. Wills 327."

While in the present case there is no doubt that the words of the devise create, in the first instance, a fee simple, the rules first quoted indicate that, where such an estate is given, the courts will be reluctant to accept accompanying words to denude it, and to reduce it to that lesser estate from which a plausible excuse will always rescue it. This reluctance has been frequently shown in those cases which hold that where a fee is given by the clear words of the will, subsequent words will not be permitted to cut down that estate unless they indicate a clear, decisive and unmistakable intention on the part of the testator to do so. *Fowler* v. *Duhme,* 143 Ind. 248; *Orth* v. *Orth,* 42 N. E. Rep. 277; *Ross* v. *Ross, supra; Mitchell* v. *Mitchell,* 143 Ind. 113, and cases cited in each.

If, therefore, the words which follow those creating a fee are susceptible of plausible construction consistent with the estate so created, that construction will be given them. If a life estate in the widow had been intended a simple form of words would have sufficed. If a remainder was intended to be given by the words suggesting a division upon the wife's death, it is not a vested remainder, but is indefinite and contingent, depending upon the obedience of the children to their mother, "as she shall deem proper." One who may be

incorrigible, if the mother shall deem it proper, shall take nothing. Another who may be dutiful may receive a large proportion, or so on. The law favors vested estates, and if the primary devise had been of but a life estate the fee would be in trust or in abeyance, since there are no words carrying it over to the children at all events.

In considering the effect of the closing clause of the item in question, the case of *Ross* v. *Ross, supra,* is in point. There the will provided that "After all expenses paid of settling my estate, I do hereby give and bequeath to my wife, Martha Ross, all my property, personal and real, after paying my just debts and claims; first, to pay to my son, Joseph W. Ross, five hundred dollars, and at her, my wife's, death, he to come in equal heir with my second children." It was held that the devise, in the first instance, carried the fee and that under the rule that clear and decisive words were required to cut it down to a life estate the son took no estate from the provision that he should "come in equal heir with" the "second children." The latter provision was carried down because of its repugnance to the fee devised to the first taker and as not clearly manifesting an intention to cut down that estate. The two provisions are not widely separated but are a part of one short item not broken by a period. There is no ground upon which to distinguish that case from the present in any effect of subsequent words to cut down a fee to a life estate. Nor do we believe it was the testator's intention to create a life estate or to limit the fee over to his children.

If by item nine of the will the testator intended to make provision for his children, it is remarkable that he should have consumed the eight previous items in making merely nominal bequests to them and no less remarkable that he should have placed upon the per-

sonal estate, bequeathed by the ninth item, the same limitation placed upon the devise, and, it is even more remarkable that if he had it in mind to vest his widow with a trust estate he did not so say in direct form. There is also a peculiar feature in the contention that by this item he gave a life estate to his widow, with the fee in trust to distribute to the children absolutely. If the fee is held in trust, the life estate must arise by implication, for the words which, as we have held, carry the fee are the only words importing the disposition of property. The time appointed for the division is of the clause which is claimed to negative an estate greater than a life estate and is not in any sense an affirmative phrase as applied to the widow or any estate given her. Estates by implication are extremely rare and only exist where the property remains otherwise undisposed of. *Kelly* v. *Stinson*, 8 Blackf. 387. Upon the theory of a devise in trust, with power to make the apportionment of the fee, besides the difficulty in rescuing a life estate for the widow, it requires liberality of construction to hold that this alleged negative clause affirms to the children any interest whatever. That interest, great or small as the widow might "deem proper," would go only by implication and not by express devise.

There has been much discussion of the force and effect of the rule that a devise generally, coupled with the power of absolute disposition, carries a fee simple estate. As we understand that rule it has no direct application where the quality of the estate is not devised generally, but rather where it is particularly stated. It is the absolute power to sell which gives quality to the estate devised generally. The principle upon which that rule rests is influential in considering the question now before us. The absolute power of disposition, because it is of the essence of a fee simple, gives character to that estate

Rogers *et al. v.* Winklespleck *et al.*

which is not otherwise defined.   So, when the estate given is a fee simple the power of disposition.is inseparable from it and cannot be controlled or impaired.   It necessarily follows from this conclusion and from the authorities requiring clearly chosen words to disclose an intention to cut down a fee once devised that words as clear and certain as those giving the fee must be employed to convert it into a mere trust estate.   We have already shown some of the obstacles in the way of converting the clear words here employed in creating a fee simple into a life estate or a fee simple estate in trust, or a life estate with the remainder in trust.   These obstacles cannot be cleared away, leaving us with that certainty of intention to create a trust estate, that we find conveyed in the words creating the fee simple.

If we were not in error in expressing a contingency in which, upon the appellants' theory, the widow would not be obliged to give to any one of the children, then the negative clause of the item would imply a power and not a trust, a power to give or to withhold and not an obligation to give.   It must be conceded that the words of this clause are not well chosen to make manifest the theory of either side of this controversy.   They are most effectual to vest in the widow a large discretion with reference to the division of the estate devised to her.   This discretion is inherent in the fee simple and needed no expression, and, as by no rule of construction can it be said that the discretion applies to an estate other than that devised to the widow, if that estate were but a life estate it would have been absurd to give her the right or to require her to dispose of that by the rule of discretion.   In no view of the clause are we convinced that it contains a clearly expressed intention to create a trust estate or to narrow to a life estate the previous words carrying a fee simple.

Many decisions are cited by the learned counsel for the appellants upholding a limitation in trust with power to appoint the remainder-man or to apportion the remainder. Of these the following are by this court: *Prior* v. *Quackenbush,* 29 Ind. 475; *Fraizer* v. *Hassey,* 43 Ind. 310; *Dunning* v. *Vandusen,* 47 Ind. 423; *Smith* v. *Meiser, supra; Farmer* v. *Farmer, Admr.,* 93 Ind. 435; *John* v. *Bradbury, Admr.,* 97 Ind. 263; *Goudie* v. *Johnston,* 109 Ind. 427, and *Jenkins* v. *Compton,* 123 Ind. 117. In every instance the estate of the first taker was expressly declared or construed to be a life estate. If they were otherwise they would sanction the contention of these appellants that the first taker may be given a fee simple which she may be required to dispose of to particular persons. We do not question the rule that a fee may be held in trust for future distribution, with discretion in the trustee as to the quantities into which it shall be divided and apportioned, but we do question the possibility of vesting a fee simple absolute in the first taker, and of engrafting upon that estate an element which deprives it of every essential feature of a fee simple. The engrafted clause must, in every instance, be of such clear and undoubted force as to cut down the first estate to an estate consistent with such clause or it must fail for repugnancy or because the testator has not made his intention manifest.

The only theory upon which the negative clause of the item in question can be reconciled with the devise of a fee in the first instance is that the testator desired to enjoin obedience by his children to his widow and to advise the division of her estate, not of his, "in accordance with their obedience to her." A division among them, not imperatively required, but "as she shall deem proper." The last quoted words are not in harmony with a construction of the word "subject" which would

hold it a limitation of the fee.   The appellants' position requires this word to perform the extreme duty of cutting down the fee to a life estate, of limiting the fee over to the children, and of so connecting itself with the words following it as to create a trust, under which the fee rests in the widow, to be apportioned by her in her discretion.   As we have said, the words of the clause were not chosen with such care as to make clear any of the various views taken by the parties, and when we have said that clear words, necessarily manifesting an intention to cut down an estate clearly given, are indispensable to deprive the widow of a fee simple absolute, we have reached the conclusion which decides the case. In our opinion the widow took a fee simple absolute, and her conveyances and the mortgages mentioned were of that estate.

The judgment of the circuit court is affirmed.

Filed January 22, 1896.