SPURGEON *v.* SCHEIBLE ET AL.

WILL.—*Construction.*—A will recited as follows: "I direct, first, that my brother," S., "be requested and entrusted with six hundred dollars of the money which I now have, for the purpose of purchasing by entry wild lands in the State of Missouri or Iowa, as he may think proper, for my heirs, equally dividing and entering the lands in their several names, to wit," etc. "I also direct that the whole of my real and personal estate, except as hereinbefore mentioned, shall be and remain the absolute property of my beloved wife, so long as she remains my widow, and that she have the entire control of the same as she may seem proper; and if provided she shall marry, then I direct that an administration shall be had upon all my estate, except as beforesaid, and that the same be distributed according to law."

*Held,* that the estate here created was a fee simple to the wife.

SAME.—*Partial Intestacy.*—A construction of a will which would result in partial intestacy is to be avoided, unless the language of the will is such as to compel such construction.

From the Bartholomew Common Pleas.

*F. T. Hord,* for appellant.

*S. Stansifer,* for appellees.

DOWNEY, C. J.—Jacob M. Scheible commenced his action in the court below against appellant and Joseph A. Spurgeon, and avers that Milton Spurgeon departed this life testate, and that his will was admitted to probate on the 6th day of March, 1854, in Bartholomew county. The will purports to have been executed January 14th, 1854, and the complaint avers that the will devised to appellant, the widow of deceased, the land described in the complaint so long as she remained his widow, and thereby bequeathed to her a life estate only; that the testator left six children whose names are given; that thereafter two of said children died, leaving appellant, their mother, and the other brothers and sisters their heirs; that appellant was the owner of a life estate by virtue of the will and a fee simple interest in one-sixth as heir of her deceased children; and that Joseph A. Spurgeon is the owner in fee simple, as heir of his father, of an undivided one-sixth part, and of one-fourth of one-sixth as heir of his deceased sisters; that said Joseph

A. Spurgeon, on the 27th of February, 1869, executed to said Scheible a mortgage on his undivided interest in said land, to secure a note made by him to said Scheible, and demands a foreclosure of said mortgage, etc. A copy of the will is made a part of the complaint. Appellant filed a demurrer to the complaint, for the reason it did not state facts sufficient to constitute a cause of action against her. The court overruled the demurrer, which action presents the first alleged error. The will referred to in the complaint is as follows:

"I, Milton A. Spurgeon, of Bartholomew county, State of Indiana, do make and publish this, my last will and testament. First, that my body be decently interred, in a neat, plain manner, and as to such worldly estate as it has pleased God to entrust me with, I dispose of the same in the following manner, to wit: I direct, first, that my brother, Granville Spurgeon, be requested and entrusted with six hundred dollars of the money which I have now, for the purpose of purchasing, by entry, wild lands in the State of Missouri or Iowa, as he may think proper, for my heirs, equally dividing and entering the lands in their several names, to wit: Robert, Sarah Jane, Joseph Allen, James Franklin, Damiza Ellen, and Milton Albert. I also direct that the whole of my real and personal estate, except as hereinbefore mentioned, shall be and remain the absolute property of my beloved wife, so long as she remains my widow, and that she have the entire control of the same as she may seem proper; and if, provided she shall marry, then I direct that an administration shall be had upon all my estate, except as beforesaid, and that the same shall be distributed according to law; and I hereby make and ordain my beloved wife, Louisa D., executrix of this my last will and testament."

The court having overruled the demurrer filed to the complaint, appellant filed the following answer and cross complaint: "That she was the wife and is now the widow of Milton A. Spurgeon; that he died the owner in fee sim-

ple, on the —— day of ————, 1854, of the land described in complaint, which was all the land owned by him at any place; that under and by virtue of said will, she was invested with the fee simple of all said property, and under and by virtue thereof, she is the owner of said land in fee simple; that she has not since conveyed said property, or any portion thereof, or authorized the same to be done; that said Joseph A. Spurgeon has no interest of any kind in said land, and had no interest therein of any kind at the time of making said mortgage, and said mortgage passed no right to or lien in or to said land, or any portion thereof to plaintiff, but the same is a cloud on this defendant's title; and prays that no judgment be entered on said mortgage, and that the same be cancelled and set aside as a cloud on defendant's title," etc.

To this answer and cross complaint, appellee Scheible filed a demurrer, for the reason it did not state sufficient facts. The court sustained the demurrer, and this is the second alleged error committed by the court.

The whole case rests on the construction of the will. If appellant has a fee simple title, as she claims, and not a life estate only, then the rulings of the court on the complaint and on the answer are wrong.

As will be seen, the testator first directs the sum of six hundred dollars to be placed in the hands of his brother, to be invested in lands in Missouri or Iowa, to be equally divided among his heirs, whom he names. Then follows the clause making provision for his wife, on which the question arises in this case. He directs that the whole of his real and personal estate, except as before mentioned, shall be and remain the absolute property of his wife, so long as she shall remain his widow, and that she shall have the entire control of the same, as to her may seem proper. But it is provided that if she shall again marry, then administration shall be had upon his estate, except as aforesaid, that is, as we suppose, except as to the six hundred dollars to be

invested in lands by his brother, and that the same shall be distributed according to law.

We suppose that the words, "shall be and remain," are sufficient to vest in the wife an estate of some duration in the lands and personal property. There is no question to the contrary made in this case. It seems to us that in this case there is no limitation or condition imposed by the testator upon the estate, except that the devisee shall remain his widow. Whether this condition should be held void under our statute or not is not a question in this case, for the widow has not violated it, or if she has the fact is not shown. The statute to which we refer provides, that "a devise or bequest to a wife with a condition in restraint of marriage shall stand, but the condition shall be void." 2 G. & H. 552, sec. 2. If there might be a devise during widowhood, which would be regarded as an estate limited in its duration to that period, and not as an estate upon condition, we think this is not such a devise. We regard the estate here created as an estate in fee simple to the wife, upon the condition subsequent that she shall not again marry. If the testator had not intended to give the fee, he would hardly have used such strong language as he did in describing the estate which should be taken. It was to remain " the absolute property" of his wife, and she was to have " the entire control of the same as to her might seem proper." It also seems reasonable that if he had intended that his wife should have but a life estate in any event, he would, as he seems to have intended to dispose of all his estate, have made some disposition of the reversion after the determination of the life estate. As he had made some provision for his children, and supposed, at least, that by the condition he had guarded against the loss of the estate by a second marriage of his wife, he probably expected that such part of his estate as might not be necessary for her support would, at her death, go to his children by descent directly from her. The language of the will seems to us such as a non-professional person would probably use to create an estate in fee

simple upon the condition that the devisee should not again marry. A construction which would result in partial intestacy is to be avoided, unless the language of the will is such as to compel such construction. *Cate* v. *Cranor*, 30 Ind. 292. To hold that the wife had only a life estate, would be to hold that as to the reversion the testator died intestate. That much of his estate would not be controlled by the will, but would descend to his heirs.

The judgment is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.