## CONOVER ET AL. *v.* STRINGER.

WILL.—*Fee Simple Reduced by Subsequent Clause.*—An estate in fee simple given by a will may, by a subsequent clause of the will, be cut down to a life estate.

SAME.—*Construction.*—At the time of the execution of a will, and at the death of the testator, he had a wife and three children living, and there were living the widow and children of a deceased son of the testator. In the will, the testator directed that all his property, both real and personal, should be and remain the absolute property of his said wife, if she should be living at the time of his death, except the money that he had on hand and at interest. After certain bequests of such money, he directed that the balance thereof should be divided equally between his lawful heirs, naming as such his said three living children and his said deceased son "or his heirs." He then directed that the balance of his

estate, both real and personal, should be equally divided between his "four above named heirs," after the decease of his wife, and that if any of his said heirs should die leaving heirs, they should be entitled to the share of their respective ancestors, as if then living.   Suit by said widow of said deceased son for partition of the real estate of the testator, the widow of the testator and the children of said deceased son being dead. *Held,* that the petitioner was the owner of one-fourth of said real estate.

From the Shelby Circuit Court.

*K. M. Hord* and *A. Blair,* for appellants.

*C. W. Snow* and *T. W. Woollen,* for appellee.

DOWNEY, J.— This was a petition for the partition of real estate, by the appellee against the appellants.

The defendants demurred to the petition, which was adjudged sufficient; and thereupon there was judgment for partition, which was made, reported and confirmed.

The ruling of the court on the demurrer is assigned as error.

The whole case turns upon the construction of the will of John B. Conover, deceased.    The testator had four children, Obadiah Conover, John Baird Conover, Samuel Pitney Conover and Nelson Schenck Conover.   On the 15th day of June, 1854, as alleged in the petition, said Samuel Pitney Conover died, leaving his widow, the appellee, and three children, Cordelia, John J. and Mary E., surviving him. The will was made and bears date July 8th, 1859, after the death of the son Samuel Pitney.   At the date of the will, the family of the testator consisted of his widow, Eliza Conover, Obadiah Conover, John Baird Conover, the widow and three children of Samuel Pitney Conover, deceased, and Nelson Schenck Conover.

The will, so far as material, is as follows:

"I, John B. Conover, of Shelby County, and State of Indiana, do make and publish this, my last will and testament, hereby revoking and making void all former wills by me at any time heretofore made.

"First.   I direct that all my just debts and funeral expenses be paid, as soon after my decease as possible, out of the first

·moneys that shall come to the hands of my executors from any portion of my estate, real or personal. I also direct, that all my property, both real and personal, shall be and remain the absolute property of my beloved wife, if she shall be living at the time of my decease, except the money that I have on hand and at interest.

"I bequeath to Sarah Ann Conover, the daughter of Obadiah Conover, one hundred dollars, out of the money on hand or at interest.

"I also bequeath to Garrett Ferman Conover, son of Obadiah Conover, one hundred dollars, out of the money on hand or at interest. And also one hundred dollars each, after the death of my beloved wife Eliza Conover; and the balance of the money that is on hand or at interest I want divided equally between my lawful heirs, viz.: Obadiah Conover, John Baird Conover, Samuel Pitney Conover, or his heirs, and Nelson Schenck Conover.

"I also direct that the balance of my estate, both real and personal, be equally divided between my four above named heirs, after the decease of my wife, Eliza Conover; the property to be divided, or sold at public or private sale, as my said executors think best, and divided equally between my four above named heirs, share and share alike; and if any of said heirs shall die, leaving heirs, they shall be entitled to the share of their respective ancestors, as if then living."

After the decease of the testator, the three children of said Samuel Pitney Conover died, leaving their mother, said appellee, surviving them. She married again, which accounts for her change of name. The widow of the testator was dead, when this action was commenced. The appellee, petitioner below, claimed to be the owner of one-fourth of the real estate, and her claim was sustained by the circuit court.

Thus, the proper construction of the will becomes material. .

It is claimed by the appellants, that Eliza Conover, the widow of the testator, took a fee simple in the land, and that

any subsequent limitation thereon would be hostile to the nature and intention of the gift, and therefore void.

Counsel for appellants refer to *Oxley* v. *Lane*, 35 N. Y. 340; *Andrews* v. *Spurlin*, 35 Ind. 262; *Doe* v. *Jackman*, 5 Ind. 283; and *Spurgeon* v. *Scheible*, 43 Ind. 216; and they claim that, in accordance with the rule recognized in these cases, the widow of the testator took a fee simple.

Had the instrument by which the estate was conveyed been a deed, and not a will, there might have been more reason for the position assumed by the appellants. But we have no doubt that, in a will, an estate in fee, given by a clause of the will, may be cut down to a life estate by a subsequent clause. *Norris* v. *Beyea*, 3 Kern. 273. The two clauses being irreconcilable, the latter modifies or controls the former.

The son of the testator, Samuel Pitney, being dead when the will was made, we think it clear that the testator intended, by the addition of the words " or his heirs," to vest in his children, or his widow and children, which is immaterial, so far as this case is concerned, an equal share of the estate with the other children.

We are of the opinion that the construction put upon the will by the circuit court is correct.

The judgment is affirmed, with costs.