Filed Jan. 16, 1891.

———◆———

No. 14,689.

MORGAN *v.* McNEELEY.

WILL.—*Construction.*—*Quantity of Estate.*—A will read as follows : " I give and bequeath to my beloved wife, Elizabeth Neidigh, all my personal property, both real and personal, excepting a sufficient sum to pay my just debts and funeral expenses."
*Held,* that the widow took the fee simple title to the land.

From the Brown Circuit Court.

*W. C. Duncan,* for appellant.

*F. T. Hord, M. D. Emig* and *R. L. Coffey,* for appellee.

OLDS, C. J.—The appellant filed her complaint in the court below against the appellee to quiet the title to certain real estate.

Appellee filed a demurrer to the complaint, which was sustained, and exceptions reserved, and the ruling is assigned as error.

The appellant claims title to the real estate in question by inheritance from Alexander Neidigh, deceased, who died testate. The appellant being the adopted daughter of the

said Alexander Neidigh, who died leaving surviving him his widow, Elizabeth Neidigh, and this appellant. The widow afterwards married the appellee, and died, leaving the appellee surviving her, and appellee claims title to the land as the surviving husband of said Elizabeth.

The only question presented and discussed is as to whether, by the last will and testament of said Alexander Neidigh, his widow took a fee simple title to the real estate in controversy, or whether she only took a life-estate?

The will consists of but one item disposing of his property, which is as follows :

" I give and bequeath to my beloved wife, Elizabeth Neidigh, all my personal property, both real and personal, excepting a sufficient sum to pay my just debts and funeral expenses."

The will, though crudely expressing the intention of the testator, scarcely admits of any construction except to place upon it the usual and manifest meaning of the words. It clearly and explicitly makes a gift of all the real and personal property of the testator to his wife, Elizabeth, except an amount necessary to pay his just debts. It is not necessary that any particular words, or set of words, should be used in the disposition of property by a testator; all that is necessary is to use words which clearly express an intention to dispose of the property described, and to give it to a certain person named. All of the property of the testator, Neidigh, was disposed of by the words which we have quoted. There is no residuary clause, no reference in the will to the appellant or any other person. We think it can not be contended with much plausibility that it only gives to the wife a life-estate, and that the fee of the estate vested in the appellant as the adopted child and heir of the testator.

A construction of a will which results in a partial intestacy is to be avoided, unless the language used compels such a construction. This is held in *Roy* v. *Rowe*, 90 Ind. 54 (59 and 60), and *Cate* v. *Cranor*, 30 Ind. 292. See, also, *Cleve-*

*land* v. *Spilman*, 25 Ind. 95 ; *McMahan* v. *Newcomer*, 82 Ind. 565 ; *Ridgeway* v. *Lanphear*, 99 Ind. 251 ; *Black* v. *Richards*, 95 Ind. 184. And this is in accordance with the requirements of the statute. Section 2567, R. S. 1881.

By the will in question the widow took the fee simple title to the land. This being in harmony with the ruling of the circuit court, the judgment must be affirmed.

Judgment affirmed, with costs.

Filed Jan. 16, 1891.