KORF *v.* GERICHS ET AL.

[No. 17,776.   Filed May 26, 1896.]

WILL.—*Devise.—Common Law Rule Modified by Statute.*—The common law rule that a devise of real estate generally and without words indicating the character of the estate devised carries but a life estate, is modified by section 2737, Burns' R. S. 1894 (section 2567, R. S. 1881).

SAME.—*Intention of Testator.—Partial Intestacy.—Construction.*— A testator will not be presumed to have intended partial intestacy, unless the language of the will compels such construction.

SAME.—*Devisee Charged with Payment of Money—Construction.*— A devisee charged with the payment of money in respect to the es-

tate given him, takes a fee-simple, if there is no limitation over, and the character of the estate devised is not described.

SAME.—*Devise.*—*Construction.*—By separate items, a testatrix devised to each of her four children a described tract of land, employing in each instance the words: "My express will is that after my death my beloved son [or daughter] shall have and own, in his own name," the land described. Following the item so devising, to one child, were the words, "And after her demise said lots shall rest in her children's name." and by a separate item, another child was charged with the payment to his two brothers and sister several sums of money aggregating $1,300; *Held*, that each of the devisees took estates in fee-simple.

From the Warrick Circuit Court.    *Affirmed.*

*J. E. Williams* and *G. Palmer*, for appellant.

*Handy & Armstrong*, for appellees.

HACKNEY, J.—This appeal presents the question as to the estate devised to the appellees, by the will of Henrietta Gerichs, the mother of the appellant and the appellees. By separate items she devised to each of her four children a described tract of land, employing in each instance the words: "My express will is that after my death my beloved son," or daughter, "* * shall have and own, in his name," the land described. In the item so devising to the appellant, and following the description of the lot devised, were the words: "And after her demise said lots shall rest in her children's name." By a separate item, the son Henry W. was charged with an obligation to pay to his two brothers and sister several sums of money, aggregating $1,300.00. The appellant's contention is that, under the rule that a devise of lands generally, and without words indicating the character of the estate devised, carries but a life-estate, her brothers did not take a fee in the tracts so severally devised to them, but took estates for life only.

On behalf of the appellees, it is insisted that, notwithstanding the rule stated, it is manifest from the

whole will that the testator intended to devise to them in fee-simple. ' The rule above stated we understand to be that prevailing at common law, and that it is the law in this State, where it is not modified by statute or by other well established rules of testamentary construction. *Rogers et al.* v. *Winklepeck et al.*, 143 Ind. 373; *Ross* v. *Ross*, 135 Ind. 367; *Fowler* v. *Duhme*, 143 Ind. 248, and cases cited.

By statute it is provided that "Every devise, in terms denoting the testator's intention to devise his entire interest in all his real or personal property, shall be construed to pass all of the estate in such property," etc. R. S. 1894, section 2737 (R. S. 1881, section 2567). While this statute does not defeat the common law rule, it implies that that rule shall not prevail as against the intention of the testator "to devise his entire interest." The rule that the testator's intention shall prevail, notwithstanding the common law, has been applied in this State. *Ross* v. *Ross*, *supra; Mills* v. *Franklin*, 128 Ind. 444; *Morgan* v. *Mc-Neeley*, 126 Ind. 537; *Patterson* v. *Nixon*, 79 Ind. 251.

That it is the general rule for the construction of wills that the intention of the testator is of first importance, is without question. One rule of intention is that a testator will not be presumed to have intended partial intestacy, unless the language of the will compels such construction. *Borgner* v. *Brown*, 133 Ind. 391; *Spurgeon* v. *Scheible*, 43 Ind. 216; *Cate* v. *Cranor, Exr.*, 30 Ind. 292. This rule has been applied to defeat that of the common law, above referred to in *Morgan* v. *McNeeley, supra; Mills* v. *Franklin, supra.*

Partial intestacy would be written upon each of the three devises to the appellees, if the appellant's contention should control. Another rule of intention is that where a devisee is charged with the payment of

money, in respect to the estate in his hands, he takes a fee-simple in such estate, there being no limitation over, on the principle that he might otherwise be loser. *Jackson* v. *Bull*, 10 Johns (N. Y.), 148; *Wait* v. *Belding*, 24 Pick. (Mass.) 129; 2 Redfield Wills, 323; 2 Jarman Wills, 248, 252; Beach Wills, p. 337; 6 Am. and Eng. Ency. of Law, p. 877.

This principle was recognized in *Ross* v. *Ross, supra*, but was perhaps stated with inaccuracy, as applying to charges against the land rather than the devisee. The charges in this will against Henry W. were evidently designed to equalize all of the devisees. There is no possible construction of the words of the testator which would imply a purpose to give to any one of the appellees an estate of a different character from that given to Henry W. The words of devise are identical in every instance.

In speaking of the rule of the common law, this court said, in *Roy* v. *Rowe*, 90 Ind. 54: "This rule often operates in contradiction of the rule that the testator's intention shall prevail, especially in the case of wills made by persons unskilled in the law; for the common mind will usually suppose that a general devise, without limitation, carries the whole estate of the testator. Therefore, if the will contain any expression, in addition to the general devise, indicating an intention to pass a fee-simple, the court will use this to bear out the intention; though it must, in some way, affirmatively appear, courts are easily satisfied that an estate of inheritance was intended. *Cleveland* v. *Spilman*, 25 Ind. 95. They are always ready to adopt any plausible excuse for rescuing particular cases from the wrong direction, which the general rule would give them. 2 Redf. Wills, 327."

We think, in view of the statute above quoted, that this proposition could have been made even stronger

by stating that the common law rule will not be allowed to defeat the testator's intention, where that intention can be otherwise reasonably ascertained.

The common law rule at most is but a guide to the ascertainment of the testator's intention, and it must take its place in connection with the other established rules for like purpose. To give that rule the control of the question made by the appellant, would set at naught the rule against partial intestacy, and that carrying a fee-simple where the devisee is charged with the payment of sums in respect to the estate devised.

The further argument is made, that the intention to devise a fee as to each appellee is indicated by the words closing the devise to the appellant, which suggest, as counsel claim, that the testator would have employed such words in the devises to the appellees, if he had intended to devise but life-estates to them. We do not offer an opinion as to the effect of such words upon the devise to the appellant, since it is not a question in this case as to whether she took a fee or a life-estate, but we are constrained to believe that the testator, by employing such words, understood that those preceding carried an estate higher than a mere life-estate. The words so preceding are, as we have seen, identical with those employed in each devise to the appellees, and were certainly employed in the same sense.

Counsel for appellees place much stress upon the words: "Shall have and own in his own name," as implying an intention to devise a fee. We do not pass upon the strength of these words, though they would seem to be as strong as those employed in *Patterson* v. *Nixon*, *supra*, where the devise was of "the farm to belong to my son Thomas J." Upon the proposition already considered, it is our opinion that the appellees

took titles in fee-simple, and that the lower court did not err in overruling the appellant's demurrer to the several cross-complaints of the appellees.

The judgment of the circuit court is affirmed.