## THOMPSON v. JAMISON ET AL.

[No. 4,351.    Filed October 6, 1903.]

WILLS.—*Construction.*—*Life Estate.*—A testator by three separate items
of his will devised certain portions of his real estate to his three
daughters "for and during the lifetime" of each respectively,
and provided that upon the death of the daughters the lands were
to go to their respective children in fee simple. Another item of
the will provided that in the event one of the daughters should
die leaving no child or children the lands devised to her should
go to the children of the surviving daughters. *Held,* that the
fact that one of the daughters was childless did not, under the
will, give her a fee simple in the lands devised to her, and that
she, as the other daughters, received but a life estate.

From Jackson Circuit Court; *T. B. Buskirk,* Judge.

Suit by Hettie K. Thompson against Louisa H. Jamison and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*B. H. Burrell, J. C. Lawler* and *H. H. Prince,* for appellant.

*B. E. Long, B. E. Long, Jr., Ralph Applewhite, J. F.
Applewhite* and *Frank Branaman,* for appellees.

WILEY, J.—Appellant was plaintiff below, and brought
her action against appellees to quiet title to certain real
estate. Her complaint was originally in three paragraphs,
to each of which demurrers for want of facts were sustained. Subsequently appellant dismissed the second paragraph. Sustaining the demurrers to the first and second
paragraph is assigned as error.

The complaint avers that appellant and appellees, Elizabeth Thompson and Louisa H. Jamison, were the daughters of Waller Harrell, deceased, and that Esther C. Harrell was his widow, and that they were his sole heirs; that
the said Waller Harrell died testate, and a copy of the
will is filed as an exhibit.

By the will the testator gave to his wife all of his personal property and the rents and profits of all of his real

estate during her life. He then made bequests to his three daughters, as follows: "Item 2. I will and bequeath to my daughter Elizabeth Thompson for and during her natural life the following real estate [a description of it follows], and at the death of my said daughter the said lands are to be divided among her children then living to share and share alike, to be theirs in fee simple. Item 3. To my daughter Hettie K. Thompson I will and bequeath for and during her natural life the following lands * * * to hold the same during her natural life and at her death the same to be divided among her children then living, in fee simple, to share equally, viz.: [Description of the lands follow.] Item 4. To my daughter Louisa Harrell [now Jamison] I will and bequeath the following real estate * * * for and during her life, and at her death the same to be divided equally among her children then living, if any, in fee simple, viz.: [Description of lands follow.]" A subsequent provision of the will is as follows: "In case either of my daughters die leaving no child or children the lands bequeathed to her in that event shall go to the children of the surviving daughter or daughters."

The complaint alleges that the widow renounced the will, as to her, and elected to take under the statute, and thereupon filed a petition in the Jackson Circuit Court for partition, and such proceedings were had as that certain of the lands described in the will were set off to her in fee simple. It is then averred that the partition did not affect the lands of appellant, except that it took a proportionate share of hers, together with those of her sisters, to make up the acreage set off to her mother. It is then averred that by the will the testator intended to, and did in fact, bequeath to appellant the real estate described in her complaint, in fee simple; that appellees are asserting some claim adverse to hers; and that she is entitled to have her

title quieted.   There is no substantial difference between the first and third paragraphs of complaint.

The facts are well pleaded, and the single question for decision is, what estate did the appellant take under the will?   If a life estate only, the lower court properly sustained the demurrer to the complaint.   We have set out all of the important provisions of the will, to the end that the intention of the testator might more clearly appear. The fact that the widow elected to take under the law, does not affect the rights of the other legatees, for it is shown that they accepted the provisions of the will and took possession of their respective lands after the widow had had partition.   The intention of the testator is clearly and explicitly expressed, and it is manifest that he intended to vest in his daughters a life estate only, the fee to rest in their respective children.   It is also equally plain that he intended that, in the event either of his daughters should die without issue, the portion of the real estate bequeathed to her should go to the children of the other daughter or daughters.

Counsel for appellant urge that if this construction is given the will it would result in a partial intestacy as to the lands bequeathed to the appellant, "for the reason that what is attempted to be a residuary clause following item four, only disposes of the land or title given this daughter (appellant), and if it should stand alone and only be a life estate, and with the death of the legatee the title thereto ends, and, if no title, none could pass."   This position is not tenable.   The testator by his will creates and vests two titles—a life estate in appellant, and the fee simple in her children, if she has any at her death, and, if not, the fee goes to the children of her sister or sisters.   In other words the children are given the fee, subject to the life estate of the daughters.   One rule of construction is that a testator will not be presumed to have intended partial intestacy unless the language of the will compels such

construction. *Korf* v. *Gerichs,* 145 Ind. 134; *Borgner* v. *Brown,* 133 Ind. 391; *Spurgeon* v. *Scheible,* 43 Ind. 216; *Cate* v. *Cranor,* 30 Ind. 292.

In this case, under the plain language of the will, to hold that the testator intended partial intestacy would be a strained construction, and not permissible under the rule stated. Section 2737 Burns 1901 provides: "Every devise, in terms denoting the testator's intention to devise his entire interest in all his real and personal property, shall be construed to pass all of the estate in such property." In the will before us, it is manifest that the testator intended to dispose of all of his estate, both real and personal, and the language is so plain that there can be no doubt but what he disposed of it according to his best judgment. There being no uncertainty about it, and the disposition appearing equitable and just, that intention should be respected. In the case of *Cain* v. *Robertson,* 27 Ind. App. 198, the exact question here under consideration was involved, and decided adversely to appellant's contention. Under the authorities, appellant was only given a life estate, with a remainder over.

Judgment affirmed.