## MYERS *v.* CARNEY, EXECUTOR, ET AL.

[No. 21,372. Filed December 11, 1908.]

1. WILLS.—*Remainders.*—*Vesting of.*—*Words of Postponement.*— The law favors the earliest possible vesting of remainders absolutely, and presumes that words of postponement relate to the beginning of the enjoyment and not to the vesting of the estate. p. 383.

2. SAME.—*Devise of Fee.*—*Cutting Down in Subsequent Clauses.*— Where a will, in one clause, clearly devises a fee, such title cannot be cut down in a subsequent clause, unless the words therein are equally decisive the other way. p. 384.

3. SAME. — *Construction.* — *Partial Intestacy.* — *Presumptions.* — Where the language of a will may fairly carry the whole estate,

an intention of partial intestacy is not presumable, and any con-
struction of a will resulting therein will be avoided, where the
language does not compel such a construction.  p. 384.

4.  WILLS.—*Rules of Construction.—Intention.*—Rules of construc-
tion, in will cases, are designed to assist in ascertaining, and not
in overthrowing, the testator's intent.  p. 385.

5.  SAME.—*Remainders.—Vested.*—A will devising testator's real
estate to his wife during her widowhood, and if she remains a
widow, then for life, remainder to testator's children, and pro-
viding that upon the cessation of such widowhood, or such wid-
ow's life, the remaining personal estate, or the proceeds thereof,
shall be distributed to testator's children, gives to such children
a vested remainder in fee simple to all of such property.  p. 385.

6.  SAME. — *Remainders. — Vested or Contingent.—Descent.—Hus-
band and Wife.*—A will devising to testator's widow an estate
during her widowhood, or failing to remarry, a life estate, re-
mainder, after conversion into money, to testator's living children,
and to the children of his deceased children *per stirpes*, the dis-
tribution to be made upon their attainment of twenty-one years
of age, and providing in a subsequent clause that "if  *  *  *
either one of my living children shall die before the distribution
of my estate as hereinbefore provided, his or her portion shall
descend as provided by law where a person dies intestate," gives
such children and such descendants a vested remainder in fee
simple to such property, and the husband of one of testator's
daughters living at testator's death and leaving no children is
entitled to her portion of such property, the same being worth
less than $1,000.  p. 385.

From Jennings Circuit Court;  *Francis M. Thompson,*
Judge.

Final report of Henry Carney, Jr., as executor of the will
of Henry Carney, Sr., to which James W. Myers excepts.
From a judgment approving such report, the exceptor ap-
peals.  Transferred from Appellate Court under §1394
Burns 1908, cl. 2, Acts 1901, p. 565, §10.  *Reversed.*

*Batchelor & Son* and *Howe & Batchelor,* for appellant.
*John Overmeyer, Frank E. Little* and *New & New,* for
appellee.

MONTGOMERY, J.—This appeal is from a judgment overrul-
ing appellant's exceptions to, and approving, the final report
of appellee Carney as executor of the will of Henry Carney,

Sr., deceased. A solution of the question at issue requires a construction of the will of said decedent, which was executed January 1, 1883. That part of the will necessary to an understanding of the point involved reads as follows:

"In the name of the Benevolent Father of all, I, Henry Carney, Sr., of the county of Jennings and State of Indiana, make and publish the following as my last will and testament.

First. I bequeath and will to my wife, Nancy Carney, all of the real estate of which I die the owner, to have and to hold so long as she continues to be my widow, until her death therefor and during her natural life.

Second. When my said wife shall cease to be my widow either by marriage or death, it is my will that my real estate shall be sold and the proceeds thereof distributed as follows, to wit: To the children and heirs of John Carney, deceased, named as follows: Anna Carney, Cora Carney, James F. Carney, John R. Carney and Henry R. Carney, the one-eighth of the proceeds of said real estate. To the child of Lucy Barnum, deceased, to wit: Everett Barnum, the one-eighth of the proceeds of the sale of the real estate; to Mary Mc-Neelan, Elizabeth Myers, Thomas B. Carney, Sarah Hendricks, Henry Carney, Jr., and Emma Carney, each the undivided one-eighth of the proceeds of the sale of said real estate. . .

Third. As to the personal estate of which I may die possessed, including notes, and accounts and choses in action of every kind, I will and bequeath the same to my wife so long as she continues to be my widow and if she does not marry then during her natural life coupled with the power to sell and dispose of the same absolutely in her discretion and with the further power to purchase other property with the proceeds thereof to be held by her in the same way and with the same power of disposition and at the marriage of my said wife or at her death whatever remains of my personal estate or that which has been purchased because and through the proceeds thereof, the same shall be sold and the proceeds divided as I have herein provided for the division of the proceeds arising from the sale of my real estate.

Fourth. The portion to be paid to the heirs of John Carney hereinbefore provided shall not be paid to them until they arrive and become twenty-one years of age; that is, each shall be paid his or her part as he or she

shall become twenty-one, if at that time the real and personal property shall have been sold and the proceeds collected as hereinbefore provided, if either one of said heirs of said John Carney shall die before reaching twenty-one years of age or before distribution, his or her portion as the case may be, shall be paid to the survivors except he or she have children, in which case the portion that would come to the parent shall go to such children.

Fifth. If my grandson, Everett Barnum, or either one of my living children shall die before the distribution of my estate as hereinbefore provided, his or her portion shall descend as provided by law where a person dies intestate.''

The six legatees, other than the grandchildren, named in item two of the will, were children of the testator, and, at the time of his death, his wife, children and grandchildren, named in the will, were living and constituted all his heirs at law. At the time the will was made, and also at the testator's death, all his living children, except Emma Carney, were married and had a child or children living. Three of the children have died since the testator's death. Elizabeth Myers died June 16, 1894, leaving appellant, her husband, as her only heir at law, her only child, Elmer, having died June 6, 1887, subsequently to the death of testator. Mary Mc-Neelan died in the year 1886 or 1887, leaving a husband and four children surviving her. Sarah Hendricks died during the year 1893, leaving a husband and three children surviving her. The wife of the testator remained a widow until her death, which occurred January 26, 1905. Elizabeth Myers having died intestate, before the death of her mother and before the distribution of the estate, the immediate question for decision is whether the share bequeathed to her by this will, being under $1,000 in amount and value, descended to appellant as her sole heir, or, in accordance with the laws of descent, went to the heirs at law of the testator.

Appellees' contention is that the will in controversy gave the testator's wife an estate for life or during widowhood, with remainder to the beneficiaries named, but contingent upon their living until the time fixed for distribution; and

in case of the death of any legatee before distribution, his or her share lapsed and passed from the testator to his heirs under the laws of descent; that, Elizabeth Myers having died before distribution, the undivided one-eighth of the estate devised and bequeathed to her was thereby divested, and descended to the heirs of the testator in accordance with the laws of descent.

Appellant's contention is that upon the death of the testator an absolute estate in fee vested in the beneficiaries named, the enjoyment of which was postponed until the death or marriage of the life tenant, and a sale of the estate and distribution of the proceeds; that Elizabeth Myers, having survived the testator, took a vested interest, which upon her subsequent death went to her heirs under the laws of descent, and having died intestate her undivided one-eighth part of the estate descended to her husband, James W. Myers, as her only heir at law.

The estate given to the children of John Carney, deceased, is subject to certain special provisions, about which there is no controversy.

The dispute grows out of the proper interpretation of the fifth item of the will in connection with its other provisions —appellant's insistence being that in case of the death of any one of the beneficiaries referred to before distribution his or her portion descends to his or her heirs, and appellee claiming that in case of such death the portion of the estate intended for such beneficiary should descend from the testator to his heirs.

Opposing counsel agree upon many of the cardinal rules of construction, yet disagree widely, as stated, in their conclusions as to the meaning of this will.

It is conceded that the law favors the vesting of remainders absolutely, rather than contingently, and at the earliest possible period, and presumes that words of postponement relate to the beginning of the enjoyment and not to the vesting of the estate. *Campbell* v. *Bradford*

(1906), 166 Ind. 451; *Taylor* v. *Stephens* (1905), 165 Ind.
200; *Gingrich* v. *Gingrich* (1896), 146 Ind. 227; *Moores* v.
*Hare* (1896), 144 Ind. 573; *Tindall* v. *Miller* (1896), 143
Ind. 337; *Fowler* v. *Duhme* (1896), 143 Ind. 248; *Boling*
v. *Miller* (1893), 133 Ind. 602; *Borgner* v. *Brown* (1893),
133 Ind. 391; *Wright* v. *Charley* (1891), 129 Ind. 257;
*Heilman* v. *Heilman* (1891), 129 Ind. 59; *Bruce* v. *Bissell*
(1889), 119 Ind. 525, 12 Am. St. 436; *Amos* v. *Amos*
(1889), 117 Ind. 19; *Hoover* v. *Hoover* (1889), 116 Ind.
498; *Davidson* v. *Hutchins* (1887), 112 Ind. 322; *Davidson*
v. *Bates* (1887), 111 Ind. 391; *Harris* v. *Carpenter* (1887),
109 Ind. 540; *Davidson* v. *Koehler* (1881), 76 Ind. 398;
*Miller* v. *Keegan* (1860), 14 Ind. 502.

It is also a familiar principle that when an interest or
estate has been given in clear terms in one clause of a will,
such interest or estate cannot be taken away or cut
down by a subsequent clause which is not equally
2. clear and decisive of the testator's intention. *Stimson* v. *Rountree* (1907), 168 Ind. 169; *Snodgrass* v. *Brandenburg* (1905), 164 Ind. 59; *Langman* v. *Marbe* (1901),
156 Ind. 330; *Lumpkin* v. *Rodgers* (1900), 155 Ind. 285;
*Rusk* v. *Zuck* (1897), 147 Ind. 388; *Mulvane* v. *Rude*
(1896), 146 Ind. 476; *Orth* v. *Orth* (1896), 145 Ind. 184,
32 L. R. A. 298, 57 Am. St. 185; *Rodgers* v. *Winklespleck*
(1896), 143 Ind. 373; *Fowler* v. *Duhme* (1896), 143 Ind.
248; *Mitchell* v. *Mitchell* (1895), 143 Ind. 113; *Ross* v. *Ross*
(1893), 135 Ind. 367; *O'Boyle* v. *Thomas* (1888), 116 Ind.
243; *Allen* v. *Craft* (1887), 109 Ind. 476, 58 Am. Rep. 425;
*Hochstedler* v. *Hochstedler* (1887), 108 Ind. 506; *Bailey* v.
*Sanger* (1886), 108 Ind. 264.

No presumption of an intention to die intestate as to any
part of his property is allowable when the words of a testator's will may fairly carry the whole; and any con-
3. struction which will result in partial intestacy is to be
avoided unless the language of the will compels such
interpretation. *Murphey* v. *Brown* (1902), 159 Ind. 106;

*Korf* v. *Gerichs* (1896), 145 Ind. 134; *Borgner* v. *Brown* (1893), 133 Ind. 391; *Mills* v. *Franklin* (1891), 128 Ind. 444; *Morgan* v. *McNeeley* (1891), 126 Ind. 537; *Roy* v. *Rowe* (1883), 90 Ind. 54; *Spurgeon* v. *Scheible* (1873), 43 Ind. 216; *Cate* v. *Cranor* (1868), 30 Ind. 292.

These rules of construction are founded upon substantial grounds and have been established to serve as aids in determining the true intention of the testator in doubtful cases, but not to overthrow such intention if it sufficiently appears without such aids. The second and third items of this will gave to Elizabeth Myers, without condition or qualification, an undivided one-eighth of the testator's property, upon the death or marriage of his widow. It is quite clear that under these provisions, and in the absence of the fifth clause of the will, she would have been vested at once upon the death of her father with an absolute remainder in fee, which upon her death would have descended to her heirs. Item four is not in dispute, and affords no light upon the controverted question, since it concerns only the children of John Carney, deceased, postponing the enjoyment of their legacies until they severally become twenty-one years of age, and providing that in case of the death of any child without descendants the survivors should take the whole.

If the will be construed in accordance with appellee's views it suspends the vesting of the remainder until final distribution of the estate, destroys the absolute title given by items two and three by the doubtful words of clause five, and renders the testator intestate as to three-eighths of his property. This holding would violate the three familiar and well-settled rules, before mentioned, governing the construction of wills, and, in our opinion, would subvert the intention of the testator. The construction contended for by appellant, and with which we agree, effects a vesting of the remainder immediately upon the death of the

testator, makes testamentary disposition of the entire estate, and harmonizes the fifth clause with the second and third clauses of the will.

It is argued by appellee's counsel that the testator's dominant purpose was to withhold all his estate from his sons-in-law and daughters-in-law. Nothing in the will, as it appears to us, compels this view. In our opinion, his paramount desire was to make ample provision for his wife, by giving her the benefit of his entire estate so long as she remained his widow and unmarried and needed support, and upon her remarriage, in which event her maintenance would be devolved upon another, or death, the property was to be divided equally among testator's children living at the time of his death and the descendants of such as were dead, substantially as the law of descents would have cast it. If Henry Carney, Sr., had died intestate, neither the widow of his deceased son nor the surviving husband of his deceased daughter would have inherited directly any part of his estate, and in the nature of probabilities would scarcely have outlived their children and inherited through them. The making of a will was accordingly not reasonably necessary to keep his property substantially in the blood of his descendants.

At the time of the execution of this will and the death of the testator, Elizabeth Myers had a son, Sarah Hendricks had two children, and Mary McNeelan, four children, all living. We have seen that provision was made for the children of his son and daughter who had previously died, and, in the absence of any light from the will, we are unable to conceive that the testator's intention was that the inheritance of his other grandchildren should depend upon the mere chance as to whether their mother should die the day before or the day after final distribution of his estate. If appellee's construction of this will were correct, the children of Mrs. Hendricks and of Mrs. McNeelan would not, with the surviving husband, take the legacy intended for their mother, but in-

stead, inheriting *per stirpes* as heirs of their grandfather, the testator, would get only the one-eighth part thereof. This plan of distribution would be inequitable and out of harmony with that equal division of his estate among his children and the descendants of those who had died, which we think was the manifest desire of the testator. It is our conclusion, therefore, that the descent in case of death before distribution, intended by item five of the will, was to be from the legatees to their heirs, and not from the testator to his heirs; that Elizabeth Myers, under the will, took a vested interest in an undivided one-eighth of the testator's estate immediately upon his death; and that upon her death, intestate, leaving her husband, James W. Myers, as her only heir at law, such interest descended to him.

The order and judgment of the court overruling appellant's exceptions to and approving the final report of appellee as executor of the will of Henry Carney, Sr., deceased, is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.